**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA SANTOS GONZALEZ LORENZO, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No.    20-71722 Agency No. A206-679-934 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 16, 2026[**]
San Francisco, California

Before:  SCHROEDER, FRIEDLAND, and COLLINS, Circuit Judges.

Maria Gonzalez Lorenzo, a native and citizen of Guatemala, petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming the denial by an immigration judge ("IJ") of Gonzalez Lorenzo's application for asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies."  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019).  We review factual findings by the agency for substantial evidence.  *Abebe v. Gonzales*, 432 F.3d 1037, 1039-40 (9th Cir. 2005) (en banc).  Under substantial evidence review, "[t]o reverse the BIA finding we must find that the evidence not only *supports* [the contrary] conclusion, but *compels* it."  *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (emphasis in original).

To state a claim for asylum, Gonzalez Lorenzo must establish that she has a well-founded fear of persecution on account of a protected ground.  8 U.S.C. §§ 1101(a)(42); 1158(b)(1)(B)(i).  Similarly, to state a claim for withholding from removal, she must show a "clear probability" of future persecution on account of a protected ground.  *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).  A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution.  *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021).

Here, substantial evidence supports the agency's denial of Gonzalez Lorenzo's asylum and withholding of removal claims based on a lack of nexus to a protected ground.  The record supports the agency's determinations that the

reasons why she was previously kidnapped and assaulted are unclear, and that "she has not established that she faces a clear possibility of [future] persecution in Guatemala on account of a protected ground."

Gonzalez Lorenzo does not challenge the BIA's holding that she is ineligible for CAT protection, so any challenge to the BIA's basis for rejecting that claim has been forfeited. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (arguments not "specifically and distinctly" addressed in the opening brief are forfeited (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020))).

**PETITION DENIED.**[1]

---

[1] The motion to stay removal, Docket No. 1, is denied. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

3